## (June 27, 1969)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT ALAN ALBRIGHT, Appellant.— Judgment unanimously reversed on the law and facts, oral order denying motion to suppress certain evidence unanimously reversed, motion granted and new trial granted. Memorandum: The sole issue presented is the correctness of an order denying appellant's motion to suppress certain evidence, as defendant pleaded guilty to the indictment — charging criminal possession of stolen property — following denial of the motion. The proof at the hearing disclosed that in February, 1968 two Rochester police officers saw defendant enter a cab carrying two suitcases, a box, a shopping bag and some aluminum tubing. Appellant was known to one of the detectives, who had been told by an unidentified informant that if he ever saw defendant, he should follow him and he (the officer) would " find out plenty ". The informant " even mentioned the Greyhound " bus station. The officers in their car followed the cab to the bus station where defendant alighted and entered the station. Upon interrogation, appellant invited a search of the suitcase. An imitation pistol and a quantity of watches were found therein. Another witness identified the watches as having been stolen a few days before in the course of a burglary at a jewelry store where the witness was employed. The officers, of course, were authorized to stop appellant and demand an explanation of his actions if they reasonably suspected he was committing, had committed, or was about to commit a felony or other specified offenses (Code Crim. Pro., § 180-a). " The first problem is the authority of the police in the circumstances shown here to stop and question defendant. The validity of subsequent police action would in turn necessarily rest on the initial right to make the immediate and summary street inquiry." (*People* v. *Rivera,* 14 N Y 2d 441, 444.) The record is barren of any proof that the officers had reasonable suspicion that appellant was committing or had committed a felony. The extent of their information was in substance that defendant was a character who should be followed if seen by the officers. In response to inquiry by the court one of the officers admitted that he had no " information or reasonable grounds to believe" that defendant had committed a crime. " Nothing resembling probable cause existed until after the search had turned up the [stolen watches]. It is axiomatic that an incident search may not precede an arrest and serve as part of its justification." (*Sibron* v. *New York,* 392 U. S. 40, 62-63.) It follows that inasmuch as the officers had no initial right to stop defendant and interrogate him the ensuing search (although made with appellant's consent) was fatally infected and the fruits thereof should be suppressed. (Appeal from judgment of Monroe County Court convicting defendant of criminal possession of stolen property, second degree.) Present — Goldman, P. J., Marsh, Witmer, Bastow and Henry, JJ.